MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: Cathy@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In Re: ) Chapter 13
)
ENRIQUE VELEZ, ) Bankruptcy No. 08-53842
)
) Date: October 16, 2009
) Time: 10:00 a.m.
) Room: The Quadrangle #214
) 1000 S. Main Street
) Salinas, CA 93901
Debtor. )
_____ ) HON. MARILYN MORGAN

**PREHEARING STATEMENT**

The Chapter 13 trustee's objections to confirmation have been addressed by amendments filed in February.

**IRS Objection:** As stated previously, the IRS objects to confirmation on the grounds the debtor has not filed income tax returns and the Debtor filed a declaration stating his belief that his income was below the level at which a return was required. Counsel expects to have to obtain some documents responsive to an IRS request prior to the next prehearing. Counsel has suggested that the IRS conduct a 2004 exam to satisfy any concerns it has with the issue of whether the Debtor needs to provide tax returns. The IRS has yet to do that.

**WaMu/LaSalle Objection**: An objection was filed by LaSalle Bank as Trustees for Washington Mutual Mortgage Pass-Through Certificates. The debtor has filed an

1
PREHEARING STATEMENT

adversary proceeding asserting that the debtor has rescinded the loan transaction by reason of violations of the Truth in Lending statutes. An answer was filed on behalf of WaMu/LaSalle Bank by JP Morgan Chase on June 23, 2009. Debtor continues to suggest that the treatment of the lender's claim be dealt with in the adversary proceeding and that the Chapter 13 plan be confirmed subject to what ever modification is required by a resolution of the adversary proceeding.

                MORAN LAW GROUP, INC.

Date:

                _____
                RENÉE C. MENDOZA